49 CCPA

**AMERICAN SUGAR REFINING COMPANY, Appellant,**

v.

**Hans J. ANDREASSEN (Doing Business as Domino Products Co.), Appellee.**

**Patent Appeal No. 6700.**

United States Court of Customs and Patent Appeals.

Dec. 20, 1961.

Quintard Joyner, New York City, for appellant.

Submitted on record by appellee.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.*

WORLEY, Chief Judge.

The sole issue here is whether the provisions of Section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052(d) preclude registration of applicant's mark.

The record shows that the American Sugar Refining Company, opposer below and appellant here, has used the word DOMINO as its trademark for sugar since 1891. The mark was registered in 1901 and has been continuously renewed. From 1948 to 1958 a six million dollar advertising expenditure contributed to national sales of $2,500,000,000.

In 1955 one Hans J. Andreassen, applicant below and appellee here, began using DOMINO as a trademark on pet food. Sales from 1955 through 1958 approximated $148,000. In 1958 Andreassen applied for registration of DOMINO for use on "pet food for dogs and cats."

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of

Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28 United States Code.

In dismissing registrant's opposition, the Trademark Trial and Appeal Board stated:

"Although precedents ordinarily are not very helpful in the determination of the question of likelihood of confusion, it has been the consistent practice of the tribunals of the Patent Office and of the courts to hold that foods for animals and foods for humans are so distinct from each other that the use of identical or substantially identical marks thereon would not be likely to cause purchaser confusion. See: Kellogg Company v. Bremner Bros., 45 USPQ 446 (Comr., 1940); Pabst-Ett Corporation v. Dr. W. J. Ross Company, 45 USPQ 532 (Comr., 1940); Horlick's Malted Milk Corporation v. Horlick [143 F.2d 32], 62 USPQ 4 (CA 7 1944); General Mills, Inc. v. Rudolph J. Freed [89 F.2d 664], 33 USPQ 386 (CCPA, 1937); Ex parte The Herman-McLean Company, 98 USPQ 455 (Comr., 1953); Mason, Au & Mageheimer Conf. Mfg. Co. v. Perk Dog Food Co., doing business as Perk Foods Co., 102 USPQ 352 (Comr., 1954); and Fort Dodge Laboratories, Inc. v. Haeussler [234 F.2d 506], 110 USPQ 301 (43 CCPA 999, 1956)."

As so often observed, precedents in trademark litigation are rarely sufficiently in point to be helpful, much less controlling. We think that observation is equally true of the decisions relied on by the board. While we are in complete agreement with the board that the instant products are different, at the same time we do not think that element alone is necessarily decisive in determining a likelihood of confusion.

This is not a case where a newcomer has appropriated the identical trademark of an established registrant for use on different goods that move in different channels of trade and are bought by a different class of purchasers. On the contrary, it is stipulated [1] that both products move through the same channels of trade; they are both sold in the same types of stores, including supermarkets, delicatessens, chain and independent stores; in general as well as department stores; that both products are sold to the same buyers on the retail level, generally to housewives; and to wholesalers and jobbers in the food field. Under such circumstances we do not think it would require a wide stretch of the imagination to conclude that the average purchaser, seeing the identical mark on the instant goods selling in the same market place, might well assume that both products emanate from the same source.

We are obliged to reverse the decision of the board.

Reversed.

[1]. 8. Opposer's products are sold in the same channels of trade in which pet food for dogs and cats, the type of product for which applicant seeks to register DOMINO, is sold. Both sugar and pet food for dogs and cats are sold in all types of grocery stores—in supermarkets and delicatessens, in chain stores and independent stores; also in general stores, department stores and other stores. Both products are sold to the same buyers, at the retail level generally to housewives, and at the wholesale level to wholesalers and jobbers in the food field. Buyers in pet shops are commonly people who also buy sugar in the above-mentioned stores.